**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| MAZEN FARAG MAHMOUD ELSAYED REZK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 5:26-cv-06662-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Mazen Farag Mahmoud Elsayed Rezk filed a counseled, verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his September 21, 2026 re-detention by U.S. Immigration and Customs Enforcement ("ICE"). See Dkt. 1 ("Petition"). The Court denied Petitioner's ex parte application for a temporary restraining order and directed that the Petition proceed under General Order 26-05. See Dkt. 7. Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall release Petitioner Mazen Farag Mahmoud Elsayed Rezk (A# 245-885-947) on the conditions of his prior release. The remaining claims and requests for relief are **DENIED**.

## II. BACKGROUND

Petitioner, a citizen of Egypt, entered the United States without inspection near San Ysidro, California, on March 8, 2024, and was apprehended by Border Patrol the same day. See Petition ¶ 10; Dkt. 1 at 40-41 (Ex. B). He was not placed in expedited removal. Instead, he was served with a Notice to Appear charging him as present without admission or parole and was released on his own recognizance pending removal proceedings, after agents found that he did not appear to be a threat to national security, border security, or public safety. See Dkt. 1 at 41 (Ex. B), 52 (Ex. C); Petition ¶¶ 11-12. He lived with his uncle in Atascadero, California, worked in his uncle's restaurant, pursued asylum in removal proceedings, and attended his required ICE check-ins. See Petition ¶¶ 13-14; Dkt. 1 at 56 (Ex. E). The 2024 Department of Homeland Security ("DHS") record reflects no criminal history. See Dkt. 1 at 41 (Ex. B).

Petitioner missed a scheduled check-in on September 10, 2026. See Petition ¶ 14. He alleges that he had cut his hand at work on August 25 and then developed a high fever, that he explained the absence to his immigration officer by video call, and that on September 21, 2026, he reported in person as promised and handed over his medical records. See id. ¶¶ 14-16; Dkt. 1 at 56-57 (Ex. E). He was detained that day, he alleges, because of the missed appointment, and he is held at the Adelanto ICE Processing Center. See Petition ¶¶ 6, 16; Dkt. 1 at 40 (Ex. B).

At Petitioner's request, an Immigration Judge ("IJ") held a custody hearing on October 21, 2026, but denied release for lack of jurisdiction. See

Dkt. 1 at 17, 23. The IJ reasoned that Petitioner was initially detained under 8 U.S.C. § 1225(b)(1) and that, under Matter of Q. Li, 29 I. & N. Dec. 66 (BIA 2025), his later release and re-arrest did not change that detention authority. See id. at 17-19, 23-24 (Ex. A). The IJ made no finding on danger or flight risk. See Petition ¶ 21. Petitioner reserved appeal, which is due November 20, 2026. See Dkt. 1 at 24 (Ex. A). Petitioner claims that his detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. See Petition ¶¶ 27-45. He seeks release or, alternatively, a custody hearing within seven days, along with production of custody records. See id. at 11-12 (Prayer).

## III. DISCUSSION

A district court may grant habeas relief when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

No removal order has issued, so Petitioner's detention is governed by 8 U.S.C. §§ 1225 and 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). DHS invoked § 1225(b)(1), but the record contains no expedited-removal order or credible-fear referral, and DHS released Petitioner on recognizance. See Dkt. 1 at 41, 52. The analysis below does not turn on the answer, so the Court does not decide it. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and the non-appearing Respondents have not argued it.

The Due Process Clause protects a person's interest in conditional liberty once they have been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and that its termination "calls for some orderly process." A noncitizen released from immigration custody who remains at liberty under the conditions of release acquires a

protected interest in their continued release. Petitioner lived at liberty for two and a half years.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest, freedom from confinement after two and a half years of liberty, is substantial. The risk of erroneous deprivation is high. On the uncontested record, Petitioner was detained the day he voluntarily reported, without any determination that he poses a danger or a flight risk, and the only custody hearing he has received ended on jurisdictional grounds without reaching either question. On the Government's side, Respondents assert no interest at all. The record shows one missed check-in, but on the uncontested facts Petitioner missed it because he was ill, explained his absence to his officer, and reported in person eleven days later as he had said he would. A single missed appointment, promptly explained and followed by voluntary surrender, does not by itself show danger or flight risk. Respondents identify no other violation of release conditions, no criminal history, and no other changed circumstance. Petitioner's continued detention without any individualized determination violates procedural due process.

The unopposed remedy is release restoring the status quo ante: the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach Petitioner's statutory and substantive due process claims or his requests for an alternative hearing and for production of records.

The Court also expresses no view on any future re-detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is GRANTED in part.

2. Respondents shall forthwith release Petitioner Mazen Farag Mahmoud Elsayed Rezk (A# 245-885-947) on the conditions of release in effect immediately before his September 21, 2026 re-detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are DENIED.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: November 17, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge